UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

ASHLEIGH CLAIRE EMMERSON,                    Case No. DG 12-00864
                                             Chapter 7
            Debtor.                          Hon. Scott W. Dales
_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

After Ashleigh Claire Emmerson (the "Debtor") converted her chapter 13 case to chapter 7, she failed to appear at the meeting of creditors scheduled pursuant to 11 U.S.C. § 341 and Fed. R. Bankr. P. 2003(a) (the "Creditors' Meeting"). In response, the United States Trustee sought and obtained an Order dated March 19, 2015 (DN 50) directing the Debtor to appear for examination on April 21, 2015. That same order provided that if the Debtor failed to appear at the Creditors' Meeting, she must appear before the court on April 22, 2015 to explain her failure to attend.

Reacting to the Order dated March 19, 2015, Debtor's counsel filed a pleading (the "Response," DN 52), which seeks an order (1) excusing the Debtor from appearing for examination at the Creditors' Meeting, and (2) adjourning the April 22, 2015 hearing the court scheduled in anticipation of her failure to submit to the examination. The court will deny the first request, but grant the second.[1]

---

[1] The Debtor's case has been referred to the court under 28 U.S.C. § 157(a), and the court has jurisdiction under 28 U.S.C. § 1334(a). The issues the Debtor raises in her Response may only arise in a case under the Bankruptcy Code, so the contested matter is a core proceeding under 28 U.S.C. § 157(b).

In the Response, Debtor's counsel explains that the Debtor is in Africa on a mission trip for a "sustained," though evidently indefinite, period.  Consequently, she cannot appear and testify at the Creditors' Meeting.  Counsel asks the court to "exercise its discretion" and excuse the Debtor from attending the Creditors' Meeting in view of her overseas travel and because "[f]rom a review of the schedules, this is a no asset case."  *See* Response at ¶ 4.

First, the court is not persuaded that it has "discretion" to ignore the statutory mandate that a "debtor *shall* appear and submit to examination under oath at the meeting of creditors. . . ." 11 U.S.C. § 343 (emphasis added); *see also In re Moore*, 309 B.R. 725, 727 (Bankr. N.D. Tex. 2002) ("Under the plain language of § 343, the debtor 'shall' appear at the § 341 meeting and submit to an examination, under oath, by the trustee and the creditors."). Although some courts have been tempted to use equitable powers to soften the sometimes hard edges of the Bankruptcy Code in the name of a "fresh start,"[2] the court is unable to square those decisions with the Supreme Court's recent reiteration of the principle that "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Law v. Siegel*, 134 S. Ct. 1188, 1194-95 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)).

Second, even assuming the court has discretion to dispense with statutory requirements (a doubtful proposition after *Ahlers* and *Siegel*), the court would decline to do so under the circumstances described in the Response.  The timing of the Debtor's motion to convert from chapter 13 to chapter 7, and presumably the decision to take the mission trip during her chapter 13 case, were entirely within the Debtor's control.  The Creditors' Meeting in the converted case was completely foreseeable, Fed. R. Bankr. P. 2003(a), and necessary, given the change in the

---

[2] *In re Owens*, 221 B.R. 199 (Bankr. W.D. Tenn. 1998) (construing "shall" as used in § 343 as not mandatory, given the fresh start policy of Bankruptcy Code)

nature of the relief the Debtor herself requested and the resulting appointment of a new trustee. The Debtor cannot convert her bankruptcy case knowing she will be  absent from the country, even for mission work, and expect to be excused from questioning by the United States Trustee or his delegate.  This is true even if (as counsel reports) creditors did not attend the Creditors' Meeting —a not uncommon scenario and probably the reason Congress directed the United States Trustee, rather than creditors, to convene and conduct the meeting.  11 U.S.C. § 341(a) (United States Trustee "shall convene and preside at" creditors meeting). Under the Bankruptcy Code, the Debtor must appear for examination at the meeting and cooperate with her trustee.  11 U.S.C. §§ 341, 343 and 521(a)(3).  She has done neither, at least in connection with the examination in the chapter 7 phase of her case.

Moreover, although her attorney argues that an examination of the Debtor is unnecessary because the schedules suggest this is a "no asset" case, the panel trustee (not the Debtor or her counsel or the court) must make this determination after investigation. Testing the statements included within a debtor's schedules is the principal purpose of requiring a debtor to appear for examination.  This examination is an essential part of the statutory missions of the United States Trustee and the panel trustees.  28 U.S.C. § 586(a)(3)(D); Fed. R. Bankr. P. 2004 (scope of examination of the debtor under § 343).  The court would not exercise any discretion it might have in a manner that so obviously interferes with the United States Trustee's prerogative or a panel trustee's performance of his or her statutory duties. 11 U.S.C. § 704(a)(4) (panel trustee to investigate financial affairs of the debtor).  In many cases, examining a debtor at the creditors' meeting is a trustee's primary if not exclusive investigative activity.

As for the request to adjourn the April 22, 2015 hearing to accommodate Debtor's counsel, the court is amenable.  By accommodating *counsel*, however, the court is in no way

excusing the *Debtor* from appearing at the Creditors' Meeting as directed in the Order dated March 19, 2015 and required by the United States Trustee. Rather, the court is simply postponing the hearing on her explanation so that her counsel may participate at that time.

Nothing in this Order should be construed as limiting the discretion that the United States Trustee, or panel trustee, may exercise in scheduling or conducting the Creditors' Meeting. The court understands, for example, that from time to time, under unusual circumstances, the United States Trustee may adjourn the proceeding, permit a debtor to appear for examination by remote electronic means, or make other accommodations. The court encourages a practical approach to the problem, if possible, short of dispensing with the examination entirely. The decision about the manner in which the Creditors' Meeting shall proceed, however, is up to the United States Trustee or his delegate in the first instance. *Moore*, 399 B.R. at 727.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The request to excuse the Debtor from appearing at the Creditors' Meeting is DENIED;

2. The hearing to consider her explanation should she fail to appear as ordered is ADJOURNED to May 27, 2015 at 10:00 AM, at the United States Bankruptcy Court, Courtroom A, One Division Avenue North, Grand Rapids, Michigan 49503.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ashleigh Claire Emmerson, Martin L. Rogalski, Esq., Thomas A. Bruinsma, chapter 7 trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 27, 2015**



Scott W. Dales
United States Bankruptcy Judge